## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JACQUELINE N. MCBROOM | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 1:20-cv-2083 |
| | ) | |
| TONIA L. MCCORD, UBER TECHNOLOGIES, | ) | |
| INC., and RASIER, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, Jacqueline N. McBroom, by counsel, and for her cause of action against the

Defendants, Tonia L. McCord, Uber Technologies, Inc., and Rasier, LLC, hereby states as

follows:

### PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff, Jacqueline N. McBroom, is a citizen of the state of Indiana and resides

at 13560 Cuppertino Lane, Carmel, Indiana, 46074.

2.     Defendant, Tonia L. McCord, is a citizen of Maryland and resides at 3309 Saville

Lane, Bowie, Maryland, 20721.

3.     Defendant, Uber Technologies, Inc. ("Uber") is a duly formed corporation of the

state of Delaware with its principal place of business located at 1455 Market Street, 4th Floor,

San Francisco, California, 94103, and authorized to conduct business in the State of Indiana. At

all times referenced in this complaint, Uber has engaged in business activity in the State of

Indiana. Uber runs a Transportation Network Company ("TNC") that provides drivers who can

be hailed and dispatched through a mobile phone application ("App").

4.    Defendant, Rasier, LLC ("Rasier") is a Delaware limited liability company with its principal place of business located at 1455 Market Street, 4th Floor, San Francisco, California, 94103.  Rasier is a wholly owned subsidiary of Uber.  Uber uses Rasier to operate Uber and/or Uber X, which is a ridesharing option featured on the Uber App.

5.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

6.    Venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. § 1391 as the defendant Uber has a corporate office located in the district at 2451 North Meridian Street, Indianapolis, Indiana 46208, the majority of the treating medical witnesses are located in the District, and the majority of friends and family serving as damages witnesses are located in the District.  Plaintiff resides in the Southern District of Indiana as well.

7.    It is not anticipated that liability will be disputed in this matter, rather the issue of focus will be alleged damages of the Plaintiff.

## SUMMARY OF FACTS

8.    On or about October 27, 2018, Plaintiff was attending a fiftieth reunion at Gallaudet University in Washington, DC.

9.    On or about October 27, 2018, one of Plaintiff's friends utilized Uber's and/or Rasier's app to request a pickup for herself, Plaintiff, and two others at Gallaudet University, or near 800 Florida Ave NE in Washington DC for purposes of transportation.

10.   On or about October 27, 2018, Defendant McCord responded to said request and drove to 800 Florida Ave NE, Washington, DC to pick up said passengers.

11.     On or about October 27, 2018, Defendant McCord owned the vehicle she was driving.

12.     On or about October 27, 2018, Defendant McCord was driving the aforesaid vehicle as the agent and/or employee of Defendants, Uber and/or Rasier.

13.     On or about October 27, 2018, Defendant McCord was driving the aforesaid vehicle within the course and scope of her employment and/or agency with Defendants, Uber and/or Rasier.

14.     On or about October 27, 2018, Plaintiff was a pedestrian and customer of Uber and/or Rasier, and was attempting to enter Defendant McCord's vehicle.

15.     On or about October 27, 2018, as Plaintiff was attempting to enter Defendant McCord's vehicle, and while the passenger rear door was still open, Defendant McCord suddenly and without warning began to drive away before the door was closed, knocking Plaintiff to the ground and running her over.

16.     On or about October 27, 2018, and at all times stated herein, Defendants Uber, Rasier, and McCord, individually and by and through their agents and/or employees owed a duty to operate their vehicle in a reasonably safe manner to avoid causing injury to Plaintiff.

## <u>COUNT I - NEGLIGENCE - MCCORD, UBER, RASIER</u>

17.     The Plaintiff reasserts, realleges, and incorporates paragraphs one (1) through sixteen (16) herein by reference.

18.     On or about October 27, 2018, notwithstanding the aforesaid duty, Defendants, Uber, Rasier, and McCord, individually and by and through their agents and/or employees were careless and negligent in one or more of the following ways:

    a.      Failed to allow Plaintiff to safely enter the vehicle before driving away;

b.      Failed to ensure all passengers were safely in the vehicle before driving away;

c.      Failed to avoid striking Plaintiff;

d.      Failed to keep a safe and proper lookout for Plaintiff;

e.      Failed to provide any warning that the vehicle would be moving; and

f.      Failed to yield the right-of-way to Plaintiff as a pedestrian.

19.      Defendant, Tonia L. McCord was acting in the course and scope of her employment with Defendants, Uber and Rasier, at the time of the aforementioned occurrence. Defendants, Uber and Rasier, are legally liable for her negligence under the doctrine of *respondeat superior*.

20.      As a direct and proximate result of the negligence of Defendants, McCord, Uber, and Rasier, Plaintiff, Jacqueline N. McBroom suffered severe injuries, endured considerable pain and suffering, incurred hospital and medical bills, and will continue to incur such damages in the future.

WHEREFORE, the Plaintiff, Jacqueline N. McBroom, prays for judgment against the Defendants, Tonia McCord, Uber, and Rasier in an amount which fully and fairly compensates her for her injuries and damages, for costs of this action, for interest as allowed by law, and for all other just and proper relief in the premises.

## COUNT II - NEGLIGENT HIRING, TRAINING & RETENTION – UBER & RASIER

21.      The Plaintiff reasserts, realleges, and incorporates paragraphs one (1) through twenty (20) herein by reference.

22.      Before drivers are allowed to participate in Uber and Rasier's prearranged ridesharing service, they must submit an application to Uber and/or Rasier.  The information contained within the application includes the driver's name, address, phone number, email,

4

banking information, vehicle registration, vehicle description, insurance information and declarations, and the driver's vehicle must be inspected.  Uber and/or Rasier use(s) the applicant's personal information to conduct a background investigation, which includes driving and criminal history, and only allows suitable applicants to become drivers for the Uber App. Uber and Rasier continually conduct periodic reviews of their drivers' driving history and reserve the right to remove a driver from there system, thereby ending the employment/agency relationship with that driver.  Therefore, Uber and Rasier are in complete control of which drivers are allowed to utilize the App and drive for Uber and/or Rasier.

23.    At all relevant times, there was an employment and/or agency relationship between Uber and/or Rasier and McCord.

24.    At all relevant times, Uber and/or Rasier held McCord out to the public as their agent whom possessed sufficient authority to transport Plaintiff on Uber's behalf.

25.    Plaintiff believed that McCord was acting as Uber's agent, servant or employee, who possessed authority to transport her on Uber's behalf.

26.    Uber and Rasier owed an independent, non-delegable duty to the general public, including Plaintiff, to use reasonable care in the hiring, training, and retention of its drivers.

27.    Uber and Rasier breached the duty of care by failing to comply with all state and federal laws, statutes, regulations and industry standards governing the safe hiring, training and retention of McCord, and was careless and negligent in one or more of the following ways:

     a.    Failed to adequately evaluate applicants, including McCord, before granting them access to operate vehicles for the public;

     b.    Negligently hired McCord, who was incompetent, unsafe and/or unqualified to operate a vehicle for Uber's rideshare app;

     c.    Failed to ensure that McCord had the proper training and experience to operate vehicles for Uber/Rasier riders in a reasonably safe manner;

      d.      Failed to adequately train and supervise its drivers, including McCord; and

      e.      Failed to properly evaluate the job performance and safety rating of its drivers, including McCord.

28.     As a direct and proximate result of the negligence of Defendants, Uber and Rasier, Plaintiff, Jacqueline N. McBroom suffered severe injuries, endured considerable pain and suffering, incurred hospital and medical bills, and will continue to incur such damages in the future.

WHEREFORE, the Plaintiff, Jacqueline N. McBroom, prays for judgment against the Defendants, Uber, and Rasier in an amount which fully and fairly compensates her for her injuries and damages, for costs of this action, for interest as allowed by law, and for all other just and proper relief in the premises.

## COUNT III - VICARIOUS LIABILITY – UBER & RASIER

29.     The Plaintiff reasserts, realleges, and incorporates paragraphs one (1) through twenty-eight (28) herein by reference.

30.     Uber and Rasier are liable for their employees' and/or agents' negligent conduct under the theory of *respondeat superior*, vicarious liability, and/or apparent-agency.

31.     Defendant McCord, while operating her vehicle in the scope and course of her employment and/or agency with Uber and/or Rasier, was negligent and breached one or more duties owed to Plaintiff.

32.     As a direct and proximate result of the negligence of Defendants, Uber and Rasier, Plaintiff, Jacqueline N. McBroom suffered severe injuries, endured considerable pain and suffering, incurred hospital and medical bills, and will continue to incur such damages in the future.

33.     Uber and Rasier are vicariously liable for the damages outlined in Count I, which were a direct and proximate result of McCord's negligence.

WHEREFORE, the Plaintiff, Jacqueline N. McBroom, prays for judgment against the Defendants, Uber, and Rasier in an amount which fully and fairly compensates her for her injuries and damages, for costs of this action, for interest as allowed by law, and for all other just and proper relief in the premises.

Respectfully submitted,

/s/ *W. Kent Winingham*
D. Bruce Kehoe, #5410-49
W. Kent Winingham, #34826-29
Wilson Kehoe Winingham LLC
2859 North Meridian Street
Indianapolis, IN 46208
TEL: (317) 920-6400
FAX: (317) 920-6405
E-MAIL: kehoe@wkw.com &
          kwiningham@wkw.com
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Jacqueline N. McBroom, hereby demands a jury trial on all claims so triable in this action.

Respectfully submitted,

/s/ *W. Kent Winingham*
D. Bruce Kehoe, #5410-49
W. Kent Winingham, #34826-29
Wilson Kehoe Winingham LLC
2859 North Meridian Street
Indianapolis, IN 46208
TEL: (317) 920-6400
FAX: (317) 920-6405
E-MAIL: kehoe@wkw.com &
          kwiningham@wkw.com
*Counsel for Plaintiff*